NEWARK WATCH-CASE MATERIAL CO. v. WILMOT & HOBBS MANUF'G CO.

(Circuit Court of Appeals, Second Circuit. January 9, 1895.)

1. PATENTS—INVENTION—WATCH PROTECTORS.

There is no invention in protecting watches from electrical influences by means of a box or receptacle of sheet iron, or other highly-magnetic metal, made large enough to contain the watch case; it appearing that the same result had previously been accomplished by means of an internal case of like material, as well as by making the watch case itself of such metal, and that external safety boxes of metal and leather were also old. 60 Fed. 614, affirmed

2. SAME.

Patent No. 413,644, to Benfield, Aufhauser & Milne, for a watch protector, is void for want of invention. 60 Fed. 614, affirmed.

Appeal from the Circuit Court of the United States for the District of Connecticut.

This was a suit in equity by the Newark Watch-Case Material Company against the Wilmot & Hobbs Manufacturing Company for infringement of a patent for a watch protector. The circuit court dismissed the bill (60 Fed. 614), and complainant appealed.

George Cook, for complainant.

A. M. Wooster, for defendant.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The bill of complaint in this case was founded upon the infringement of letters patent No. 413,644, dated October 29, 1889, and issued to Thomas Benfield, Samuel Aufhauser, and Alexander Milne, for a watch protector. Upon final hearing the circuit court of the United States for the district of Connecticut dismissed the bill, and thereupon the complainant appealed to this court.

The principal object of the invention was to provide a device which would prevent the movements of watches which were worn by electricians, or persons employed in electrical work, from being magnetized or influenced by magnetic currents when brought near dynamos or other electrical apparatus. The patentees stated in their specification the state of the art at the time of their invention, with respect to means for obviating this injury to watches, as follows:

"Heretofore this object has been accomplished by securing within the watch case a box, receptacle, or shield entirely surrounding and inclosing the watch movement; such box or shield being constructed of highly-magnetic metal, and which becomes, when placed within the case, a permanent part thereof. The same object has also been accomplished, or partially so, by constructing the watch case wholly or partially of highly-magnetic metal; the effect, in both instances, being that the shield or watch case will act as a reservoir for receiving and storing the magnetic or electric currents, and prevent

them from affecting or influencing the watch movement inclosed within the same. Many objections, however, have been urged against the above-described means; it being obviously impossible, in many instances, to alter a watch to allow the box or shield to be inserted, and in other cases it has been found to be an item of too great expense to make such alteration or change."

Protection to the watch, from being scratched or disfigured, was another alleged object of the invention, which consisted substantially "of a box or receptacle made of sheet iron, or other highly-magnetic metal, of the same, or approximately the same, shape as a watch case, and of such size as to nicely and snugly contain the same; an opening being made in the two sections of the receptacle for the stem or pendent of the watch; the interior of said receptacle being lined with plush, chamois skin, or other soft, nonmagnetic material, and the outer surface covered with paint, japan, leather, or other dressing, to impart to the article a neat and finished appearance." In one form of the device the center of one lid or section was cut out, so that the face of an open-faced watch, within the protector, could be seen without raising the lid. The invention further consisted in the method of the construction of the hinge which connected the two sections. The claim was as follows:

"As a new article of manufacture, a watch protector adapted to contain or hold a watch, and constructed of sheet iron, in two sections, B, B; the latter being provided with the projections, b, and joined together by means of a coiled-spring hinge, consisting of the pintle, c, and spring, d, protected by the leather or other material, I, allowing said protector to be opened, and the watch consulted, without removing said watch from the protector; the inner surfaces of said sections, B, being covered with plush or other fabric, and the outer surfaces with japan, paint, or other like substance,—substantially as set forth."

It thus appears that the invention was an external box, of highly-magnetic metal, which inclosed a watch, instead of a box of the same metal, within the watch case, which inclosed the watch movement, or instead of a watch case wholly or partially made of such metal; and it is obvious that an external, removable box has advantages over a nonremovable box within the case. An external, removable safety case or hinged box, made of two pieces of sheet brass or other metal, cut in a circular form, to receive a watch, and to be secured in the pocket by the aid of loops or eyes upon the rear side, by which it is attached to the interior side of the pocket, so as to protect the watch against loss by accident or theft, was described in letters patent No. 56,014, dated July 3, 1866, to William W. Covell, Jr. This device had apparently never been made use of by the public. Its object was protection against robbery, and, in the absence of robbery, it would have been an inconvenient contrivance; but it shows that the idea of an external removable case was not original with the patentees of the Milne patent. The ordinary pocket or case of chamois leather is well known. No anticipatory, removable watch protector was shown in the record, but the question is one of patentability, and is whether an internal case of magnetic metal and a watch case of the same material being old, and an external safety box of metal and leather pocket having been known, was there any invention in making an

external, removable box or case of magnetic metal, in which the watch could be placed when exposed to the influence of a dynamo? The statement of the question seems to carry its own answer. The idea was a natural and obvious one. It naturally met and obviated the danger to which the watches of electricians were subject. The arrangement of the details, the hinge, with its spring, the plush lining, and the dressing of the outer surface, all required mechanical skill, so as to make the article attractive as well as convenient, but in these details the mind of an inventor was not needed. We concur in the conclusions of the circuit court with respect to the patentable character of the invention, and its decree is affirmed, with costs.