### YALE & TOWNE MFG. CO. v. SARGENT & CO.

(Circuit Court, D. Connecticut. September 5, 1899.)

PATENTS—INVENTION—IMPROVEMENT IN LOCKS.

The Taylor patent, No. 373,107, for an improved lock, the improvement
consisting in the use, in an ordinary mortise door lock, of a guard plate,
or extra face plate, to cover the head of a set screw for greater security,
does not disclose patentable invention, and is void.

This was a suit in equity by the Yale & Towne Manufacturing
Company against Sargent & Co. for infringement of a patent. On
final hearing.

Wetmore & Jenner, for complainant.
John Kimberly Beach and Samuel H. Fisher, for defendant.

TOWNSEND, District Judge. At final hearing herein defendant
contests the validity, and denies its infringement, of complainant's
patent No. 373,107, granted November 15, 1887, to Warren H. Tay-
lor, for an improved lock. The improvement relates to the old ordi-
nary mortise door lock where the cylindrical tumbler case or escut-
cheon is screwed into the bolt case. Such escutcheons are generally
grooved on the side, and a set screw, screwed through the face
plate, fits with the groove, and prevents the escutcheon from being
turned. When the door was unlocked, it was possible to turn this
set screw far enough back to disengage it from the escutcheon, and,
when the door was again locked, to unscrew the escutcheon, and
thus get access to the bolt, and unlock the door. The patentee
herein proposed to provide greater security against such tampering
with the lock by screwing to the regular face plate of the lock an
extra face plate, which he called a "guard plate," and which covered
the head of said set screw. The claim is as follows:

"In a lock, the combination, with an escutcheon-securing set screw, of a
guard plate covering the head of the set screw, and secured to the face plate
of the lock, substantially as set forth."

It is difficult to conceive on what theory a patent could be granted
for such a mere cover, or aggregation of two duplicate face plates.
It is conceded that the construction involved nothing more than
mere mechanical skill. The prior art in various patents showed
face plates, set screws, and guard plates covering the heads of set
screws and secured to the face plates, substantially identical in con-
struction with that of the patent in suit.

The position of counsel for complainant is as follows:

"The matter, therefore, comes to this: That invention may be involved in
the claim if the conception is novel, and the practical embodiment of it is
useful, notwithstanding that the mere execution of it may involve merely me-

chanical skill. The question, then, is, was there inventive genius in Taylor's conception as embodied in the claim? And * * * the defendant's argument * * * is that invention was not involved in transferring from the lock of the Pitt, * * * Biggs, or Hart patent the supplemental plates shown in those constructions, in view of the fact that plates of various forms had been used in articles of household hardware to cover up screws; and it is asserted that the guard plate of the Taylor lock performs its function of covering up the set screw in the same manner that these older plates performed their respective functions. When we consider that Taylor's invention involved the projection of the inventive faculty much further into the unknown, and that he gave birth to an idea which involved the retention, without impairment of all the advantages of the existing lock, and giving to it, in addition, greatly increased security, then we see that the proposition that the peculiar means employed by him did its work in the same way that prior plates did their work is irrelevant. The important matter is that the work which the Taylor guard plate does is not the same work which the prior plates did, and this difference in work proves a difference in function. The manner of doing the work is nothing; the work done is everything."

It is established by various decisions that a novel conception of the application of old means to produce a new and unusual or unexpected result is not a double use, and may be patented. The question in such cases is whether the conception involves invention. In Newark Watch-Case Material Co. v. Wilmot & Hobbs Mfg. Co., 60 Fed. 614, the patent was for an external removable sheet-iron watch protector to prevent it from being affected by magnetic currents. The prior art showed similar boxes, designed for protection against robbery. The circuit court of appeals (13 C. C. A. 27, 65 Fed. 507) held, affirming the decision of the court below, that, although no anticipatory watch protector was shown, yet the question was one of patentability, and that, as the idea was a natural and obvious one, it was not patentable. So, in the case at bar, the use of such duplicate face plate being old, the mere idea that it might here be used as an additional protection, but in exactly the same form, is so obvious as not to be patentable. In Watson v. Railway Co., 132 U. S. 161, 10 Sup. Ct. 45, the patentee claimed that he was the first person who conceived the idea of combining in one freight car an inside flexible and outside rigid door, and that various advantages were the result of such combination. The supreme court cited, approved, and affirmed the opinion of the circuit court that such a construction was a mere aggregation, and did not involve invention. The reasoning in said case is directly applicable to the case at bar. As was said by Mr. Justice Matthews in Heald v. Rice, 104 U. S. 754: "It is only the occasion which is new; the use itself is merely analogous." Let the bill be dismissed.